Sugg v. Burgess and Davis.

1. A constable levied nine executions on a negro, and took nine bonds payable to the plaintiff for the delivery of the property. The bonds being forfeited, the plaintiff brought an action of debt and declared in one count on the nine bonds. On demurrer, the proceedings were held to be proper.
2. Such bonds may be good as common law bonds, though not taken strictly as the statute requires.

This was an action of debt, brought by William Sugg, in Franklin Circuit Court, in 1828, against R. Burgess, B. Burgess and J. Davis, to recover on nine delivery or forthcoming bonds, each in the penalty of one hundred and ten dollars, made on the 20th of March, 1827, by the persons above named, and payable to the plaintiff. In the declaration, the action was discontinued as to R. Burgess, who was returned "not found," and against the other defendants, after setting out the penal part of the bonds, it was alleged that the said nine bonds, and every of them, were subject to a certain condition thereunder written, &c. reciting, that whereas one Ira Olive, a constable of the county and State aforesaid, had, on the day of the date of said bonds, levied an execution on a negro named Cassius, as the property of R. Burgess, at the instance of the plaintiff; the condition in each bond was, that if said R. Burgess should deliver the property to said Olive, constable, on the first Monday in May next after the date, at the Court House in Russelville, to be sold to satisfy the amount of the debt and costs in each bond mentioned, (which it was averred, was in each case equal to

one half the amount inserted in each bond respectively, as penalty,) or that said B. Burgess or said James Davis should do it for him, then the said bonds to be void, else to be and remain of full force and virtue. It was also averred that R. Burgess did not deliver the negro to said Olive, nor pay the amount of the said debts, &c. To this declaration, there was a demurrer, and by the Court, the demurrer was sustained. The plaintiff moved to amend the declaration, by inserting an averment that the executions alluded to in the bonds sued on, were issued by a jus- tice of the peace of Lawrence county, and sent to Frank- lin, and exhibited the executions in support of the motion, but the Court refused to permit the amendment. Judg- ment on the demurrer was rendered for the defendants.

Sugg, the plaintiff below, assigned for error in this Court, among other things, that the demurrer was wrong- fully sustained, and that the motion to amend was refused.

KELLY & HUTCHISON, and W. B. & P. MARTIN, for the plaintiff in error. The bonds were lawful, and such as the Statute authorizes. The act of 1807, [a] provides, that when forfeited, they shall be returned to the justice issu- ing them, whose duty it becomes to issue executions against all the obligors. The act of 1814, [b] requires officers to return forfeited bonds to the justices issuing them, that no- tice shall be given to the obligors, and that if they do not appear in ten days, deliver the property and shew cause why they did not deliver it in due time, judgment shall be rendered against them; but these statutes do not pro- vide for the case of an execution going from one county into another. The act of 1824, [c] directs how an execution should be certified which issues from one county to ano- ther, and requires that it shall be returned in not less than thirty, nor more than ninety days after its date, but still no provision is made for returning the bond, giving no- tice, &c. This was an omission in the statutes, which has only been lately supplied, long after those bonds were given; and for this reason the plaintiff failed to obtain judgments on motion. But again, actions on such bonds for the delivery of property, are sustainable at common law, [d] even if they were not good under the statute; the remedies given by statute on those bonds are cumula- tive, and do not destroy the common law remedy. The declaration was good in itself, and if there existed any de- fence against it, it should have been shewn by plea. The

[a] Laws of Ala. 505.

[b] Laws of Ala. pages 313 & 512. Sec. 17.

[c] Acts of 1824. page 15.

[d] 9 John. Rep. 507. 1 Wash. Rep. 367. 1 Munf. 501. 3 Call. 421, 524 1 Call. 41.

demurrer should therefore have been overruled. There was error also in refusing the amendment;[a] the Court has no discretion on such motion except as to the terms it may think proper to impose.[b]

GAYLE, for the defendants in error.

By JUDGE WHITE. The Circuit Judge sustained the demurrer to the plaintiff's declaration, and refused to permit the proposed amendment; the only error necessary to be noticed, is that of sustaining the demurrer. Sugg, the plaintiff, declares for $990, due as the aggregate penalty of nine bonds given to a constable for the delivery of the property levied on; he sets out the making of the bonds, the condition, and for breach, that the negro was not delivered, nor the debts paid. This declaration, to my view, contains all substantial requisites. From the recitals in the conditions of the bonds as set out, it appears the plaintiff had placed nine different executions in the hands of one Ira Olive, a constable, which had been issued on his behalf, against a certain Richard Burgess, which executions being levied on the slave mentioned as the property of said Burgess, he, together with Benjamin Burgess and James Davis, as his securities, executed the bonds sued on, as forthcoming or delivery bonds. These bonds, from the description given in the declaration, were of the ordinary kind, given for a valuable consideration, and a purpose expressly authorized by law; and the plaintiff, instead of suing on each separately, has, to save costs to the defendants, as he might well do, united them all in one action. If, however, the bonds were not taken in strict pursuance of the statute, this would only prevent the plaintiff from proceeding on them in the summary mode, by motion, and could by no means affect his remedy by suit at common law. Had they even been taken to the officer instead of the plaintiff, this could have been done, as appears from various decisions of the Virginia Courts, where there are statutes similar to our own.[c] The Court, therefore, erred in sustaining the demurrer to the declaration, for which the judgment must be reversed, and the cause remanded.

JUDGE TAYLOR not sitting.